**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FOUNDATION MEDICINE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON KITTLE,<br><br>Defendant. | Civil Action No. 1:25-cv-10298 |

**AFFIDAVIT OF DAWN MERTINEIT IN SUPPORT OF PLAINTIFF FOUNDATION MEDICINE, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Dawn Mertineit, do hereby depose and state as follows:

1. I am a partner with the law firm Seyfarth Shaw LLP, counsel to Plaintiff Foundation Medicine, Inc. ("FMI").

2. I submit this affidavit in support of FMI's motions for a temporary restraining order and preliminary injunction against the defendant, Cameron Kittle ("Kittle").

3. This affidavit is based upon my personal knowledge.

4. On January 27, 2025, I sent a cease and desist letter on FMI's behalf to Kittle, a copy of which is attached here as **Exhibit 1**.

5. Kittle, through his counsel, Attorney Margaret Pinkham, responded to me on February 3.

6. Attorney Pinkham's February 3 response (the "Response") is labeled a "Confidential Settlement Communication – Inadmissible In Any Action," despite the fact that there is no settlement or other compromise proposal contained in the Response.[1]

---

[1] While I do not believe that the Response is properly shielded by any rule of evidence based on the foregoing, out of an abundance of caution, I am not attaching the Response.

7. Instead, the Response states that Kittle will not rescind his acceptance of employment with Foresight, and sets forth Kittle's position that his non-compete obligations are unenforceable, including his arguments (1) that FMI's legitimate business interests can be adequately protected by a lesser covenant, (2) that Kittle has "no meaningful FMI confidential information," and (3) that it is in the public interest to permit Kittle to work for a cancer company.

8. With respect to the first argument, I have been advised that John Truesdell ("Truesdell") is Kittle's current boss at Foresight and the person who hired him to join Foresight. Truesdell is also an ex-FMI employee.

9. A few years ago, Truesdell was FMI's key witness in another litigation against a former FMI employee who had joined a different competitor. I represented FMI in that earlier litigation. The former employee in that litigation had similarly argued that his non-compete was unenforceable because, among other things, FMI's interests could be protected by his non-solicit and non-disclosure covenants. In response, Truesdell testified under oath and in sworn affidavits submitted on FMI's behalf that FMI's legitimate interests could not be adequately protected without enforcing his non-compete, and that the former employee could not work for the competitor in a competitive role without inevitably disclosing (whether intentionally or otherwise) highly confidential and proprietary FMI information. Copies of those affidavits are attached here as **Exhibit 2**. The court in that earlier litigation enforced the former FMI employee's non-compete and enjoined him from working for a competitor.

10. The Response did not deny that Kittle's Foresight role requires him to perform substantially similar services as those he recently performed for FMI, involving competing products. The Response also did not address FMI's claims in my January 27 letter regarding what FMI understands Kittle's responsibilities for Foresight to be (based on an online job description

located by FMI).

11. The Response also did not disclose Kittle's start date with Foresight. As a result, on the afternoon of February 3, I emailed Attorney Pinkham, asking her to provide Kittle's start date, and confirm that he would not start with Foresight until we could attempt to resolve the parties' dispute.

12. Attorney Pinkham responded on February 4, advising that Kittle had started with Foresight on January 27.

I hereby declare under penalty of perjury this 7th day of February, 2025, that the foregoing is true and correct to the best of my knowledge, information, and belief.

___*/s/ Dawn Mertineit*_________________
Dawn Mertineit

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing ("NEF"), and copies will be served by email to all non-registrants (including Attorney Margaret Pinkham, counsel for Defendant Kittle).

*/s/ Dawn Mertineit*
Dawn Mertineit